\UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LEON JAMIE FEW TAILS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOES/JANE DOES, Pennington County Commissioners, in their official capacity; BRIAN MUELLER, Sheriff, Pennington County, in his official capacity; ROBERT YANTIS, Commanding Jailer, Pennington County Jail, in his individual and official capacity; JENNIFER, Director/Head Cook, Pennington County Jail Kitchen, in her individual and official capacity; CHRIS DANIELS, Seargent/Jailer, Pennington County Jail, in his official capacity, CHRISTOPHER LOYA, Jailer/Trustee Jailer, Pennington County Jail, in his official capacity; and JESSICA, Cook, Pennington County Jail Kitchen, in her individual and official capacity;<br><br>　　　　　Defendants. | 5:23-CV-05086-CBK<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff was a state court pretrial detainee at the Pennington County, South Dakota, jail at the time he filed this complaint. He is now residing at the South Dakota State Penitentiary. He has filed a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is not required to make an initial partial filing fee.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's pro se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

Plaintiff states in his *pro se* pleadings that, while he was working as a trustee in the Pennington County Jail kitchen, a jail employee spilled boiling water on his foot, resulting in second- and third-degree burns. He contends that defendants negligently and intentionally violated his Eighth Amendment right to be free from cruel and unusual punishment, were deliberately indifferent to his serious medical needs, that the employees committed misconduct resulting in a threat to his safety, and that this case involves *res ipsa loquiter*. He seeks to require the jail to implement more safety policies and better training in burn care for employees, and seeks $250,00 in damages for pain, suffering, and permanent nerve damage.

The Eighth Amendment to the United States Constitution requires that prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994)

2

(*quoting* Hudson v. Palmer, 468 U.S. 517, 526–527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)). Pretrial detainees' conditions of confinement claims arise out of the Fourteenth Amendment's Due Process Clause. Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) ("Although 'the Eighth Amendment has no application' until there has been a 'formal adjudication of guilt,' the Fourteenth Amendment gives state pretrial detainees—just as the Fifth Amendment gives federal pretrial detainees—rights which are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'") (City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)).

I have conducted an initial review of the amended complaint as required by § 1915A. Construing plaintiff's complaint liberally, plaintiff's complaint claims defendants failed to take reasonable measures to ensure his safety and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.

When a plaintiff is granted leave to file a federal complaint without prepayment of fees, the district court may order the service of process pursuant to 28 U.S.C. § 1915(d).

Plaintiff has filed a motion for the appointment of counsel. The Court is unable to discern at this time whether the appointment of counsel is necessary.

Based upon the foregoing,

IT IS ORDERED:

1. Plaintiff's application, Doc. 2, to proceed without the prepayment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

3. The Clerk of Courts shall send a copy of this order to the appropriate official at plaintiff's institution.

Case 5:23-cv-05086-CBK   Document 8   Filed 02/26/24   Page 4 of 4 PageID #: 80

4. Plaintiff's motion, Doc. 4, to appoint counsel, is denied.

5. The Clerk of Courts shall provide plaintiff a separate summons and USM-285 form for each defendant. Plaintiff shall compete and return to the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Courts will issue the summonses.

6. The United States Marshals Service shall serve a copy of the summons and amended complaint upon the individual defendants pursuant to SDCL 15-6-4(d)(8). All costs of service shall be advanced by the United States.

7. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced.

8. If the plaintiff fails to complete and return summons and the USM-285 forms as directed, this matter will be dismissed for failure to prosecute.

DATED this 26th day of February, 2024.

BY THE COURT:

*[signature: Charles B. Kornmann]*

CHARLES B. KORNMANN
United States District Judge