UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| LEON JAMIE FEW TAILS,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES/JANE DOES, COMMISSIONERS, PENNINGTON COUNTY COMMISSIONER BOARD, OFFICIAL CAPACITY; BRIAN MUELLER, SHERIFF, PENNINGTON COUNTY JAIL, OFFICIAL CAPACITY; ROBERT YANTIS, COMMANDING JAILER, PENNINGTON COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; JENNIFER, DIRECTOR/HEAD COOK, PENNINGTON COUNTY JAIL KITCHEN, INDIVIDUAL AND OFFICIAL CAPACITY; CHRIS DANIELS, SARGENT/JAILER, PENNINGTON COUNTY JAIL, OFFICIAL CAPACITY; CHRISTOPHER LOYA, JAILER/TRUSTEE JAILER, PENNINGTON COUNTY JAIL, OFFICIAL CAPACITY; AND JESSICA, COOK, PENNINGTON COUNTY JAIL KITCHEN, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 5:23-CV-05086-CBK<br><br>ORDER |

This case is before the Court on defendants', Jennifer Morris's and Jessica Pastor's, motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's, Leon Jamie Few Tails's, complaint alleges an Eighth Amendment violation, gross negligence, and other negligence related state law claims. Doc. 1.

## BACKGROUND

On May 31, 2023, Few Tails was assisting in the Pennington County Jail kitchen when his foot was doused in boiling water. Few Tails was assisting Pastor in cooking 50 pounds of potatoes at around 3:45 pm for serving at 4:00 pm. After the potatoes finished boiling, the water needed to be drained from the tilt kettle. The kettle contained a spigot at the bottom of the kettle and a tilting mechanism for draining. Few Tails coordinated with Pastor to tip the kettle to speed up the draining of the boiling water. While Few Tails tipped the kettle, Pastor stirred the water. Some of the stirred-up water fell over the lip of the kettle and landed on Few Tails's left foot. Few Tails was wearing sandals. After Few Tails could not find cold water to soak his foot in, Pastor informed Few Tails he should have been wearing boots. Few Tails was unaware boots were available.

Few Tails claims his Eighth Amendment right to be free of cruel and unusual punishment was violated, along with several negligent related state law claims. Few Tails is requesting monetary damages for his physical injury, better safety policies, and Pastor to be fired.

The defendants argue that Few Tails's claims have failed to plead a claim upon which relief can be granted and raise the defense that Few Tails failed to extinguish available administrative remedies first.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 556 U.S. 662, 667-78 (2009).

> "[T]he rules of procedure continue to allow notice pleading through a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests."

Johnson v. Precythe, 954 F.3d 1100, 1101 (8th Cir. 2020) (internal citations omitted) (cleaned up).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). To decide the motion, the court may consider the complaint, materials that are part of the public record, or materials necessarily embraced by the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . ." Id. at 555. In addition, the factual contents of the complaint must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Braden v. Walmart Stores, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

Nonetheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). When assessing the merits of a complaint challenged under Fed. R. Civ. P. 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.

One caveat is that complaints by prisoners writing *pro se* must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015); accord Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

All that said, *pro se* litigants are not excused from complying with Fed. R. Civ. P. 8(a). Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Although this Court must accept as true any well-pleaded facts, the Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "When we say that a *pro se* complaint should be given liberal construction, we

mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)).

## DISCUSSION

I. Administrative Exhaustion; Prison Litigation Reform Act

The Prison Litigation Reform Act (PLRA) provides that, "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a), Porter v. Nussle, 534 U.S. 516, 524 (2002). This exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id., see also Jones v. Bock, 549 U.S. 199, 211 (2007). The PLRA mandates "immediate dismissal" of all unexhausted claims. Gibson v. Weber, 431 F.3d 339, 341 (8th Cir. 2005). It is reversible error for the district court to proceed to the merits of a prison condition claim if the prisoner has not exhausted all his available remedies. Hughbanks v. Fluke, 2024 WL 1329799 (D.S.D. 2024), Benjamin v. Ward County, 632 Fed.Appx. 301, 301 (8th Cir. 2016) (*unpublished*).

"[P]roper exhaustion of administrative remedies... 'means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (*citing* Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. In this case, it is the rules of the South Dakota Department of Corrections. The purpose is to encourage the use of the administrative process, if the process had no teeth or incentive then the administrative process would not be used. Id.

4

Few Tails's claims stem from one incident, when boiling water burned his foot while working in the Pennington County Jail kitchen as a trustee. He claims Pastor and Morris are at fault for violation of the Eighth Amendment and for several state law negligent claims. Defendants contend that Few Tails has not exhausted his administrative remedies for such claims. On Few Tails's complaint he states clearly that he did not exhaust his administrative remedies. Doc. 1. Few Tails states he did not know of the administrative process. Id. As the old axiom states, ignorance of the law excuses no one.[1] It is clear from the pleadings that the administrative processes have not been properly exhausted as required under the PLRA.

In one of Few Tails's supplemental filings he states he did submit a grievance on October 11, 2023. Doc. 23. He then received a response on November 2, 2023, from a guard stating another guard talked with the kitchen staff. Id. Few Tails then departed the Pennington County Jail on January 31, 2023. Id. The event which Few Tails's claims rest occurred on May 31, 2023. The submission period for a grievance is within 20 calendar days of the event's occurrence. SD DOC, GRIEVANCE PROCEDURE 1.3.D.07 IV(3)(E). Agency deadlines must be enforced for the system to function properly. Woodford, 548 U.S. at 90. Due to the significantly delayed grievance beyond the agency's deadline, the administrative process has not been properly exhausted as required under the PLRA.

While administrative deadlines can be waived, the facts above do not show that the guards waived the grievance deadline; they merely discussed the incident with the kitchen staff. Alternatively, even if this were to constitute a waiver of the grievance deadline, these facts show Few Tails did not exhaust the administrative process by appealing the response to the next level of review, the Secretary of Corrections. SD DOC, GRIEVANCE PROCEDURE 1.3.D.07 IV6. Finally, while, in rare occasions, the exhaustion requirement may be waived if a remedy is made unavailable, such as being transferred out of the prison, (Rodriguez v. Westchester Cnty. Jail Corr. Dep't., 372 F.3d

---

[1] *ignorantia legis neminem excusat.*

485, 488 (2nd Cir. 2004)) the facts show Few Tails had several months to file a grievance before being transferred, and therefore, ample opportunity to seek a remedy.

The Court finds Few Tails did not fully exhaust his administrative remedies regarding the events of May 31, 2023. Few Tails's claims should be dismissed without prejudice as required under 42 U.S.C. § 1997e(a).

## ORDER

Based on the entire record, and the reasoning herein it is so ORDERED:

1. Few Tails claims against defendants, Jessica Pastor, and Jennifer Morris, are dismissed without prejudice.

DATED this 21st day of May, 2024.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge