\UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LEON JAMIE FEW TAILS,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES/JANE DOES, Pennington County Commissioners, in their official capacity; BRIAN MUELLER, Sheriff, Pennington County, in his official capacity; ROBERT YANTIS, Commanding Jailer, Pennington County Jail, in his individual and official capacity; CHRIS DANIELS, Seargent/Jailer, Pennington County Jail, in his official capacity, CHRISTOPHER LOYA, Jailer/Trustee Jailer, Pennington County Jail, in his official capacity;<br><br>Defendants. | 5:23-CV-05086-CBK<br><br>ORDER |

    Plaintiff, a prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 claiming that, when he was a state court pretrial detainee at the Pennington County, South Dakota, jail and was working as a trustee in the Pennington County Jail kitchen, a jail employee spilled boiling water on his foot, resulting in second and third-degree burns.

    Following initial review, I found that, construing plaintiff's complaint liberally, plaintiff's complaint sufficiently stated a claim that defendants failed to take reasonable measures to ensure his safety and were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. I ordered defendants to respond to the complaint.

    In addition to the above defendants, plaintiff sued two kitchen staff employees who were either directly involved in the causation of plaintiff's injury or were aware of

the injury. Those two defendants filed a motion to dismiss for failure to exhaust administrative remedies regarding the incident. Following a review of the record and the law, I issued an order finding that plaintiff did not fully exhaust his administrative remedies and dismissed his claims against two of the defendants without prejudice as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Few Tails v. Does, 2024 WL 2293015 (D.S.D. May 21, 2024).

The remaining defendants have now filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) for failure to exhaust administrative remedies. For the reasons set forth in Few Tails v. Does, *supra*, plaintiff's complaint must be dismissed against the remaining defendants.

Plaintiff contends that his injury occurred on May 30, 2023. In plaintiff's verified complaint he stated that he did not submit a request for administrative relief as to the incident where he claimed the kitchen staff purposely or negligently splashed boiling water on his foot. He also stated that he did not submit a request for administrative relief as to his Eighth Amendment claim as to the resulting harm to him. He stated he did not know how to do so and was afraid that he would lose his job as a jail trustee if he did so. Finally, as to his claim that, after his alleged injury, defendants were deliberately indifferent to his serious medical needs, he stated that he did not submit a request for administrative relief. He stated he did not do so because he was intimidated by the kitchen employee defendant and was afraid of losing his trustee job.

Plaintiff filed unverified supplements to his complaint wherein he claims that he overheard the two kitchen staff defendants discussing that a previous inmate that suffered a burn from hot water could not sue. Plaintiff contends that he did not immediately tell anyone about the incident because he was intimidated by overhearing that statement from kitchen staff. Petitioner did relate in his supplements that he eventually requested and received medical treatment for a burn injury on his foot. He contends that his injury resulted in permanent pain and numbness.

Plaintiff filed his complaint in December 2023. In his supplement, filed two weeks later while he was still a pretrial detainee at the Pennington County Jail, petitioner

2

quoted from the Pennington County Jail handbook as to safety procedures. Having had a copy of the handbook, he would obviously have had a copy of the grievance procedures for the jail.

Plaintiff set forth in his supplements that the was given medical attention in response to his "sick calls" beginning on June 14, 2023. On June 19, 2023, he states that he informed defendant Loya, a jailer, about the incident. Plaintiff further claimed, contrary to his verified complaint, that he did file a grievance about the incident on September 29, 2023, "just letting you guys know and putting it on record."

Plaintiff set forth in his supplements that he received continued care for his injury throughout his time at the Pennington County Jail. There is no allegation that plaintiff ever filed a grievance as to any claimed lack of medical care. He apparently continued to complain that his injury hurt and was caused either deliberately or negligently by kitchen staff.

Plaintiff himself denied in the complaint that he ever timely exhausted the grievance procedures in place at his institution. He did not assert in any subsequent filings that he timely did so. The Court is therefore required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), to dismiss plaintiff's federal constitutional claims. Any remedy he may have for negligence may only be asserted, if at all, in state court.

Based upon the foregoing,

IT IS ORDERED:

1. Defendants' motion, Doc. 28, for judgment on the pleadings is granted.
2. Plaintiff's second motion, Doc. 10, to appoint counsel is denied.
3. Plaintiff's complaint is dismissed without prejudice,

DATED this 16 day of September, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge